**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DIVISION OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| **EDWARD CHILDRESS, Administrator of**     ) | |
|    **The Estate of Gary Lyndon Childress**     ) | |
|                                       ) | |
|         **Complainant**     ) | |
|                                         ) | |
| **v.**     ) | **Civil Action No.** _____ |
|                                         ) | |
| **UBS FINANCIAL SERVICES, INC.**     ) | |
|    **Serve: Corporation Service Company**     ) | |
|         **Bank of America Center, 16th Floor**     ) | |
|         **1111 Main Street**     ) | |
|         **Richmond, Virginia 23219**     ) | |
|                                           ) | |
|                                           ) | |
|         **Defendant**     ) | |

**COMPLAINT**

Complainant Edward Childress, Administrator of the Estate of Gary Lyndon Childress (hereafter Childress), files this Complaint against the defendant and for his grounds would respectfully represent unto this Honorable Court as follows:

**JURISDICTION**

1.       This is an action for specific performance of a contract and for damages, or in the alternative, for damages resulting from the conversion of property. The amount in controversy is more than $75,000.00 exclusive of interest and costs.

2.       Childress is a citizen of the United States, and a citizen and resident of Russell County, Virginia; the Estate of Gary Lyndon Childress was created in the Tazewell County, Virginia, Circuit Court.

3.       The Defendant, UBS Financial Services, Inc. (hereafter UBS), is a Delaware Corporation, with principal offices at 1285 Avenue of the Americas, New York, New York

10019, which conducts business in this judicial district. The breach of contract/conversion complained of occurred in Russell County, Virginia, within this judicial district. The residence of the Complainant and location of the Estate of Gary Lyndon Childress is within this judicial district.

4.        There is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  This Court has jurisdiction pursuant to 28 USC § 1332 (a).

**CLAIMS FOR RELIEF**

**FACTS**

5.        On August 30, 2000, Complainant's decedent, Gary Lyndon Childress, established a traditional Individual Retirement Account and appointed PaineWebber, Incorporated to serve as custodian of the IRA which appointment PaineWebber accepted.  A copy of the Traditional IRA Application and Adoption Agreement is attached as Exhibit 1 and incorporated herein by reference.  This agreement created a trust for the exclusive benefit of Gary Lyndon Childress or his beneficiaries.  Gary Childress deposited sums of money and/or securities in trust with PaineWebber which invested his money and supervised his account, number JY 24269 CJ (hereafter, the Account).  Subsequent to this date PaineWebber, Incorporated was acquired by/merged with UBS.  UBS assumed all contractual and fiduciary responsibilities of PaineWebber with respect to the Account.  Shortly before the date of the filing of this suit, the Account contained a cash balance of approximately $28,455.00, and 10,000 shares of the common stock of Lowes Companies, Inc..

6.        The Traditional IRA Agreement Gary L. Childress entered into with UBS provided for the revocable designation of a beneficiary to receive the benefits of the Account at the death of Gary L. Childress, i.e., all assets and funds remaining in the Account at the death of Gary L. Childress.  At the inception of the contract, Gary Childress designated his then wife,

Terry Lee (Barnhart) Childress, now Dodson, (hereafter Dodson) as his beneficiary to receive any balance of the Account should he die before withdrawing all of his funds.  However, Gary Childress and Dodson were divorced by Final Decree of Divorce entered September 15, 2005, by the Tazewell County, Virginia Circuit Court.  A copy of the Final Decree is attached as Exhibit 2 and incorporated herein by reference. The Final Decree of Divorce affirmed, ratified and incorporated in to the Decree the Separation and Property Settlement Agreement dated 22 March 2005 (hereafter PSA) entered into by Gary Childress and Dodson.  A copy of the PSA is attached as Exhibit 3 and incorporated herein by reference.

7.      Gary Lyndon Childress died, intestate, October 6, 2011.  A copy of his Certificate of Death is attached as Exhibit 4 and incorporated herein by reference.  At the time of his death, he owned the Account which held 10,000 shares of the common stock of Lowes Companies, Inc., and over $24,000.00 in cash.   Since October 6, 2011, dividends paid by Lowes Companies, Inc. into the Account have increased the total cash in the Account to approximately $28,453.00. The last dividends were paid into the Account on May 9, 2012.  Lowes Companies, Inc. declared a dividend of $0.16 per share for holders of those shares as of July 23, 2012, payable August 8, 2012;  and future dividends are expected to be paid quarterly thereafter.

8.      On October 18, 2011, Complainant, Edward Childress, Gary's father, duly qualified in the Tazewell County Circuit Court Clerk's Office as Administrator of the Estate of Gary Lyndon Childress.  A copy of his Certificate/Letter of Qualification is attached as Exhibit 5 and incorporated herein by reference.

9.      On November 3, 2011, Childress, through his attorney, demanded payment and transfer of all the assets held in the Account to himself as Administrator of his son's Estate. Again, on November 15, 2011, at the request of UBS, Childress properly completed and transmitted to UBS an eleven page form entitled "IRA Beneficiary Processing Form DB"

3

provided him by UBS, together with copies of the death certificate for Gary L. Childress, and Certificate/Letter of Qualification, demanding a total distribution and close out of the Account transferring all of its assets to Childress as Administrator.   A copy of said Form is attached as Exhibit 6 and incorporated herein by reference.  UBS has failed and refused to deliver the assets of the Account to Childress.

10.     Virginia Code § 20-111.1 (A) provides, *inter alia*, "Upon the entry of a decree of annulment or divorce from the bond of matrimony on and after July 1, 1993, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked. A death benefit prevented from passing to a former spouse by this section shall be paid as if the former spouse had predeceased the decedent."   This provision revoked the designation of Dodson as the beneficiary under the Account, and made the Complainant the beneficiary of the Account by law. Under the terms of this statute, the benefits of the Account are required to be paid to the Estate of Gary L. Childress to be distributed as required by Virginia's intestacy laws.

11.     Moreover, in the PSA, Dodson contracted away any right she may previously have had to receive any benefits from the Account.  Paragraph III (B) (4) of the PSA provides that she is to receive  500 shares, only, of the Lowes Companies stock (together with  the benefit of any stock splits attributable to her 500 shares occurring on or after 22 March 2005) held in the Account.  The PSA also provided in Paragraph III (C) (3), "Except as set apart to Wife in this Agreement, all personal property, tangible or intangible, currently titled in Husband's sole name or in his possession, *including his IRA not otherwise set apart to Wife*, shall be and remain the sole and separate property of Husband." (Emphasis added)   In Paragraph XIV titled "FULL SETTLEMENT" Dodson agreed that "after this settlement, Husband and Wife shall require nothing whatever of the other, except as herein provided, . . . ."  After the PSA was entered into,

Gary Childress caused UBS to transfer 500 shares of Lowes Companies stock to Dodson in compliance with the provisions of the PSA.   Dodson is entitled to nothing more from the Account.

## COUNT ONE

### BREACH OF CONTRACT/SPECIFIC PERFORMANCE

12.     The allegations contained in paragraphs 1 through 11 are repeated as allegations of this Count.

13.     The August 30, 2000, Agreement between Gary L. Childress and UBS created fiduciary and contractual duties for UBS with respect to Gary L. Childress and his heirs and assigns.   Among other duties, UBS was required, upon demand, to deliver to Gary L. Childress during his life, and after his death, to his beneficiary, i.e., Childress, all remaining assets and money it held in the Account

13.     By refusing to deliver the assets held in the Account when demanded by Childress, UBS has breached its contractual and fiduciary duties to Gary Lyndon Childress and his Estate, which is entitled to the full benefit of his contract.  As the shares of stock of Lowe's Companies, Inc. are unique and confer on their owner certain unique and valuable rights of ownership, Childress is entitled to specific performance of the aforementioned contract, together with damages.

14.     UBS's breach of contract and fiduciary duties has caused Childress direct and consequential damages.  He was entitled to have all cash and assets of the Account delivered to

him November 3, 2011.  Because of the breach of contractual and fiduciary duties by UBS, he has been unable to enjoy their use and he has lost opportunities to increase the value of those assets and cash; and, he has been prevented from performing his duties as Administrator of the Estate of Gary Lyndon Childress; has been required to incur expenses due to the delay in administering the Estate; and, he has incurred attorneys fees and costs in attempting to obtain the assets contained in the Account.

15.     Childress is now entitled to have all cash and assets of the Account delivered to him; plus, he is entitled to have all past and future dividends, stock splits, and all other benefits flowing from the ownership of the assets in the Account; plus, he is entitled to an award of damages equal to the difference between the highest value of the Lowes Companies, Inc. stock since November 3, 2011, and its value at the time it is delivered to Childress; plus, he is entitled to damages for his expenses, costs and attorneys fees incurred; plus, he is entitled to interest upon the values of the assets at the judgment rate of interest from the time demand was made for their surrender until they are received by Childress.

## COUNT TWO

## CONVERSION

16.     The allegations contained in paragraphs 1 through 11 are repeated as allegations of this Count.

17.     UBS was in a fiduciary relationship with Gary L. Childress, and, after his death with the Estate of Gary Lyndon Childress, with respect to all the cash and assets of the Account. By refusing to surrender the assets held in the Account when demanded by Childress, UBS converted them and violated its contractual and fiduciary duties to Gary L. Childress and to his Estate.

18.     By converting the property of Gary Lyndon Childress's Estate, UBS has caused

Childress direct and consequential damages.  Childress was entitled to have all cash and assets of the Account delivered to him November 3, 2011.  Because of the conversion of the Account assets by UBS, he has been unable to enjoy their use and he has lost opportunities to increase the value of those assets and cash; and, he has been prevented from performing his duties as Administrator of the Estate of Gary Lyndon Childress; he has been required to incur expenses due to the delay in administering the Estate; and, he has incurred attorneys fees and costs in attempting to obtain the assets contained in the Account.

19.     Childress is entitled to recover damages equal to the value of the cash and assets in the Account on November 3, 2011; plus, the difference between the highest value of the Lowes Companies, Inc. stock since November 3, 2011, (which was $32.29 per share at the time of the filing of this Complaint) and the value of that stock on November 3, 2011; plus, all amounts paid into the Account as dividends, stock splits, etc., flowing from said shares in the past and in the future; plus, interest upon those values at the judgment rate of interest from the time demand was made for the surrender of the Account assets until damages are paid; plus all expenses he incurred as a result of the conversion including, but not limited to, his expenses incurred as a result of his being unable to administer his son's Estate, as well as those incurred in filing and prosecuting this action to recover the assets of his son's Estate, including attorneys fee and court costs incurred..

## JURY TRIAL DEMANDED

20.     Childress demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Complainant moves this Honorable Court to enter an order requiring the Defendant to transfer and disburse all cash and assets it holds in the Individual Retirement Account, number JY 24269 CJ established by Gary L. Childress August 30, 2000, to

Complainant; and, if the value of the securities held in said account is less than their highest value between November 3, 2011, and the date they are received by Complainant, to enter judgment against Defendant in an amount equal to the difference between the securities highest value during that period and their value on the date received by Complainant; and, for an amount equal to the expenses incurred as a result of his being unable to administer the Estate of Gary Lyndon Childress; together with interest at the judgment rate from November 3, 2011; and together  his attorney's fees and his costs incurred herein; but not less than FOUR HUNDRED SEVENTY-FIVE THOUSAND  ($475,000.00).

In the alternative, Complainant moves this Honorable Court to enter judgment against the Defendant, UBS Financial Services, Inc., for an amount equal to the value of the cash and assets in the Account on November 3, 2011; plus, the difference between the highest value of the Lowes Companies, Inc. stock since November 3, 2011, (which was $32.29 per share at the time of the filing of this Complaint) and the value of that stock on November 3, 2011; plus, all amounts paid into the Account as dividends, stock splits, etc., flowing from said shares in the past and in the future; plus, interest upon those values at the judgment rate of interest from the time demand was made for the surrender of the Account assets until damages are paid; plus all expenses he incurred as a result of the conversion including, but not limited to, his expenses incurred as a result of his being unable to administer his son's Estate, as well as those incurred in filing and prosecuting this action to recover the assets of his son's Estate, including attorneys fee and court costs incurred, but not less than FOUR HUNDRED SEVENTY-FIVE THOUSAND ($475,000.00).

Complainant further prays that he be awarded such other and further relief as he may be entitled to receive.

EDWARD CHILDRESS
Administrator of the Estate
of Gary Lyndon Childress
By Counsel

s/ Donald A. McGlothlin, Jr., Esq.
Donald A. McGlothlin, Jr., Esq.
THE MCGLOTHLIN FIRM
VSB #13427
P. O. Box 580
Lebanon, VA 24266
Telephone: (276)889-0095
Facsimile: (276)889-0097
Counsel for Complainant