IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| EDWARD CHILDRESS, ADMINISTRATOR OF THE ESTATE OF GARY LYNDON CHILDRESS, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12CV00045 |
| v. | ) ) | **OPINION AND ORDER** |
| UBS FINANCIAL SERVICES, INC., | ) ) ) | By:  James P. Jones United States District Judge |
| Defendant. | ) | |

*Donald A. McGlothlin, Jr., The McGlothlin Firm, Lebanon, Virginia, for Plaintiff. Martin A. Conn and Matthew J. Hundley, Moran Reeves & Conn PC, Richmond, Virginia, for Defendant.*

In this dispute over the ownership of a decedent's individual retirement account ("IRA"), the defendant UBS Financial Services, Inc. ("UBS") has moved to join the decedent's ex-wife, Terry Lee Dodson, as a necessary party by making her an involuntary plaintiff. For the reasons stated below, I deny the motion.

I

The following facts are taken from the Complaint or are otherwise uncontested for the purpose of deciding the present motion. During his life, Gary Lyndon Childress ("Childress") established an IRA for the benefit of himself and

his beneficiaries.  UBS is the current custodian of the IRA.  At present, the IRA contains both a cash balance and shares of stock.

Childress was married to Dodson when he established the IRA, and he designated Dodson as its beneficiary.  Childress and Dodson divorced in 2005, and Childress died intestate in 2011.  Following Childress's death, Dodson filed a declaratory judgment action against UBS in a Virginia state court in which she asked the court to declare her the beneficiary of the IRA.  Edward Childress, as administrator of the estate of the decedent Childress (the "Administrator"), then commenced this breach of contract action against UBS, invoking this court's diversity jurisdiction.  The Administrator argues that the estate is the rightful owner of the IRA because Childress's divorce from Dodson revoked the original beneficiary designation as a matter of law.

UBS has now moved to join Dodson as a necessary party in this action.  For diversity purposes, UBS is a citizen of Delaware, while the Administrator and Dodson are both Virginia citizens.[1]  UBS recognizes that adding Dodson as a defendant would destroy diversity and divest this court of subject matter jurisdiction over the case.  For that reason, UBS requests that I join Dodson as an involuntary plaintiff.

---

[1] The administrator of an estate is considered to have the citizenship of the state of the decedent.  28 U.S.C.A. § 1332(c)(2) (West 2006).  Gary Lyndon Childress was a citizen of Virginia, according to the record.

II

Federal Rule of Civil Procedure 19(a)(1) requires that I join as a necessary party any person who:

> claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest[,]

provided that the person to be joined "is subject to service of process" and the "joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1).

Dodson is unquestionably a necessary party in this litigation. She claims an interest in the IRA at issue in this case, as evidenced by the lawsuit she filed in state court. If I do not join her as a party, she will not be able to protect her claimed interest in the IRA. Furthermore, failing to join Dodson in this suit will subject USB to a substantial risk of inconsistent obligations, because in another action the court might reach a different conclusion with regard to whether Dodson or the estate is entitled to the IRA. Thus, it is clear that Dodson is a necessary party.

Joining Dodson as an additional defendant, however, would deprive this court of subject matter jurisdiction by destroying diversity, because both Dodson and the Administrator are citizens of Virginia. Because I cannot join Dodson as a defendant, I must consider whether she can be made an involuntary plaintiff or whether, in the alternative, I may realign the parties following her joinder to retain diversity of citizenship.

Rule 19(a)(2) provides that I may order a person to join a lawsuit as an involuntary plaintiff "in a proper case." Fed. R. Civ. P. 19(a)(2). The rule itself does not offer any guidance as to what constitutes a proper case. The Supreme Court has held that a person not subject to service of process can be added as an involuntary plaintiff where that is the only way of securing justice. *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 472 (1926). The *Independent Wireless* case involved a patent licensee who lacked the power to sue on his own and a patent owner who refused to voluntarily join in an infringement action. *Id.* at 461-63. The patent owner was not located in the jurisdiction in which the suit was filed and as such was not subject to service of process. *Id.* at 469-70. Fourth Circuit case law in this area is scant, but the Third Circuit has held that a person may only be made an involuntary plaintiff where "(1) the party to be joined has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily

join in the action following notification thereof." *Sheldon v. W. Bend Equip. Corp.*, 718 F.2d 603, 606 (3d Cir. 1983) (citing *Indep. Wireless Tel. Co.*, 269 U.S. 459).

This case does not mimic the *Independent Wireless* case or any other cases I have found applying the involuntary plaintiff clause of Rule 19(a)(2). Dodson can be served with process within Virginia, and the Administrator certainly has the power to sue UBS. I find no authority indicating that this case constitutes a "proper case" under Rule 19(a)(2). I decline to make Dodson an involuntary plaintiff pursuant to that rule.

Nevertheless, because Dodson is subject to service of process within this jurisdiction, she could be joined as an additional defendant and then realigned as a plaintiff, if appropriate based on the facts. *See U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131 (4th Cir. 1995). When realigning parties, courts in the Fourth Circuit apply a primary purpose test. *Id.* at 133. I must first determine the primary issue in the case, and I must then align the parties based on their positions with respect to that issue. *Id.*

In this case, the primary issue is which party — the estate or Dodson — is legally entitled to Childress's IRA. The Administrator argues that the estate is entitled to the IRA, while Dodson asserts that she, rather than the estate, is the IRA's lawful beneficiary. Dodson and the estate are clearly adverse on this

primary issue. If Dodson's position were to prevail, the estate would necessarily lose, and vice versa. Therefore, Dodson and the Administrator must be aligned as adversaries. I cannot join Dodson as an additional defendant and then realign her as a plaintiff when she shares no common interest with the Administrator.

Joining Dodson as an additional defendant would destroy diversity, because both the Administrator and Dodson are citizens of Virginia. For that reason, I cannot join Dodson as an additional defendant, because to do so would divest this court of subject matter jurisdiction. This case cannot proceed to any conclusion on the merits without Dodson, however, as she is a necessary party. I cannot grant final relief in this matter if Dodson is not a party to the case.

Several options are available to UBS to correct this problem. UBS could join the Administrator as an additional defendant in the pending state court action, where the Administrator could assert a crossclaim against UBS. Alternatively, UBS could file an interpleader action in this court, and the defendant claimants Dodson and the Administrator could assert any counterclaims they might have against UBS. *See* 28 U.S.C.A. § 1335 (West 2006); Fed. R. Civ. P. 22.

III

For the foregoing reasons, it is **ORDERED** that the Motion to Join Necessary Party (ECF No. 8) is DENIED.

      ENTER:  November 6, 2012

      /s/  James P. Jones
      United States District Judge